## DECLARATION OF MICHAEL PELLETIER

1.      My name is Michael Pelletier, and I am of the full age of majority, competent to testify under oath, and make the following statements based upon my personal knowledge of the facts referenced herein and subject to the penalty of perjury.

2.      I am the Director – Human Resources at IBERIABANK.

3.      In my position, I am familiar with the records of regularly conducted activity of IBERIABANK with respect to personnel matters.

4.      With respect to the current Plaintiffs in this lawsuit as of October 2, 2015, namely Lydia Haas, Shellie McCall, and Jody Russell, I have personally reviewed the pertinent information located in their personnel records, which were made at or near the time of the events recorded in such records by, or from information transmitted by, persons with knowledge. It is the practice of IBERIABANK to make and keep such records in the course of a regularly conducted business activity. These records include the specific information and documents referenced herein or attached hereto.

5.      Haas began her employment with Florida Bank Group on approximately January 28, 2014. In connection with the acquisition of Florida Bank Group by IBERIABANK, Haas was offered continued employment with IBERIABANK on November 18, 2014. Haas subsequently accepted this offer.

6.      Haas worked for IBERIABANK in Florida.

7.      On December 16, 2014, Haas entered into an Arbitration Agreement with IBERIABANK. A true and correct copy of the Arbitration Agreement executed by Haas is ·attached hereto as Exhibit 1.

8.      Haas remained employed with IBERIABANK until April 17, 2015.

9.      McCall began her employment with IBERIABANK on May 9, 2008.

{N3105385.1}                                        1

10. McCall worked for IBERIABANK in Arkansas.

11. On January 26, 2009, McCall entered into an Arbitration Agreement with IBERIABANK. A true and correct copy of the Arbitration Agreement executed by McCall is attached hereto as Exhibit 2.

12. McCall remained employed with IBERIABANK until September 10, 2013.

13. Russell began her employment with IBERIABANK on December 12, 2012.

14. Russell worked for IBERIABANK in Arkansas.

15. On December 17, 2012, Russell entered into an Arbitration Agreement with IBERIABANK. A true and correct copy of the Arbitration Agreement executed by Russell is attached hereto as Exhibit 3.

16. Russell remained employed with IBERIABANK until October 19, 2013.

17. This Declaration is based upon my personal knowledge of the facts and referenced herein after review of same.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of October, 2015.

MICHAEL PELLETIER

**IBERIABANK CORPORATION
ARBITRATION AGREEMENT**

This Agreement, between the undersigned employee ("the employee") and IBERIABANK CORPORATION, and all of its parents, subsidiaries, and related companies, including but not limited to IBERIABANK (collectively the "Company"), is intended to provide the exclusive means of resolving all disputes, as defined below and except as expressly excluded below, that may arise between them. In consideration for their mutual promises, the parties, by entering into this Agreement, give up their right to trial by court or by jury, except as expressly excluded below. This Agreement is not an employment contract or employment agreement, but arises out of the employee's employment or prospective employment by the Company, which is involved in interstate commerce. This Agreement is to be enforced under the Federal Arbitration Act ("FAA").

1.    Disputes Subject to Arbitration.

(a)    Disputes subject to arbitration are all disputes between the parties that may otherwise be brought before a court, governmental agency, or other tribunal, including but not limited to, application to the Company for employment, discipline during employment with the Company, anything having to do with the terms and conditions of employment, treatment by supervisors, co-workers or third-parties, denial of promotion, pay raises or job assignments, and termination of employment, regardless of whether the dispute arose before, during, or after any employment relationship between the parties. Also subject to arbitration are disputes involving any person or entity whose liability or right of recovery derives from a dispute that is covered by this Agreement (e.g., partner, agent, manager, supervisor, employee, subsidiary or parent corporation, affiliate, shareholder, successor or assign of a party).

(b)    Such disputes include, but are not limited to, claims of refusal to hire, wrongful termination, breach of contract, defamation, assault, battery, violation of public policy, negligent hiring, negligent retention, negligent supervision, negligent entrustment, defamation, invasion of privacy, retaliation, wrongful imprisonment, intentional infliction of emotional distress, any other tort, contract, equitable, statutory, or constitutional claim, breaches of any duty owed by an employer to an employee, and claims against an employee, officer, director or agent of the Company who has agreed to arbitrate a claim that would directly or indirectly subject any party to liability. Disputes also include any claims of discrimination or harassment prohibited by applicable law, including statutory and/or common law claims of discrimination or harassment on the basis of age, race, national origin, religion, disability, sex/gender, color, or any other factor the consideration of which is prohibited by federal or state law or local ordinance. Further, disputes include claims related to payment of wages and compensation, polygraph examinations, layoffs due to facility closings, mass layoffs or reductions in hours or employees, health, retirement or pension benefits, veterans' rights, obtaining or using credit reports, drug testing, whistleblowing activity, and leaves of absence. Class actions and requests for declaratory relief are also covered by this Agreement.

EXHIBIT 1

(c)     Exclusions.

(i)     Any claim or action for a temporary restraining order, or any form of preliminary or permanent  injunctive relief, including but not limited to claims or actions by the Company for injunctive relief and/or equitable relief for unfair competition, the unauthorized use, disclosure, or misappropriation of trade secrets or confidential information, or the breach or threatened breach of any restrictive covenant (including any non-competition, non-solicitation, or non-recruitment provision or agreement), may only be pursued in a court of competent jurisdiction. Additionally, any claim or action by the  Company  for  unfair  competition,  the  unauthorized  use,  disclosure,  or misappropriation of trade secrets or confidential information, or the breach or threatened breach of any restrictive covenant (including any non-competition, non-solicitation, or non-recruitment provision or agreement), in which the Company seeks any other form of relief or recovery, including but not limited to declaratory relief, monetary damages, penalties, attorneys' fees, costs, expenses, or otherwise, may only be pursued in a court of competent jurisdiction. The claims and actions covered by this Paragraph 1(c)(i) may be tried to a court or a jury, as allowed by law, and are expressly excluded from the disputes otherwise covered by this Agreement.

(ii)     Any claim for unemployment or workers' compensation benefits that is subject to the exclusive jurisdiction of a state agency, any non-waivable statutory claims, and charges filed with the National Labor Relations Board are not covered by this Agreement.  This Agreement does not cover employees covered by a collective bargaining agreement.

(iii)     Also not covered by this Agreement is any claim which is based upon an employee benefits plan that is underwritten by a commercial insurer that decides payment of claims and does not agree to arbitrate under this Agreement.

(iv)     Nothing in this Agreement shall be construed as precluding the filing of a charge with the Equal Employment Opportunity Commission or other federal or state agencies.  To the extent any claims are asserted in arbitration that require exhaustion of administrative procedures, this Agreement does not relieve the employee of complying with such administrative requirements in a timely manner.  The parties, however, waive any right to recovery of damages in such agency or administrative action, and the dispute underlying such charge shall be arbitrated.

2.     Initiating Arbitration.

An employee who wishes to initiate arbitration must fill out a Request for Arbitration Form, which can be obtained from the Human Resources Department.  The employee must submit the completed form to Human Resources, along with a $125 arbitration fee.

3.     Time Limits.

Although the parties hereby waive their right to litigation of their disputes by a court or jury, the applicable statutes of limitations and/or prescriptive periods govern

{N1627765.2}                              Page 2 of 4

these disputes, meaning that the parties must initiate arbitration of disputes within the time prescribed by the statutes or other laws on which they base their claims.

4.     Rules Governing Arbitration Proceedings.

The parties' arbitration shall be conducted in conformity with the procedures of the AAA, including the AAA's National Rules for the Resolution of Employment Disputes ("Rules").   These rules are posted on AAA's web site at www.adr.org or may be obtained from the Human Resources Director.

5.     Fees and Costs.

The Company agrees that if the employee submits a request for arbitration, the employee's maximum out-of-pocket expenses for the arbitrator and administrative costs of the AAA will be $125, and that the Company will pay all of the remaining fees and administrative costs of the arbitrator and AAA, which will far exceed the amount paid by the employee.   The employee is responsible for any expenses and costs associated with his/her portion of the arbitration, including, but not limited to, witness fees, deposition costs, travel expenses, copying costs and transcription fees.

6.     Authority of the Arbitrator.

Resolution of disputes shall be based solely upon the law governing the claims and defenses asserted.  The Arbitrator shall have the authority of a trial court judge sitting without a jury, and may award any remedy that would have been available had the parties litigated the dispute in court under applicable law.  The Arbitrator may not add to, modify, invalidate, or ignore any provision of this Agreement or the law, nor may the Arbitrator invoke any basis (such as "just cause" or "seniority") other than controlling law.  The Arbitrator shall be selected from a list of at least five unbiased arbitrators provided by the American Arbitration Association ("AAA").  Both the employee and the Company will be given up to ten days to strike up to two names from the list.  Following completion of the strike procedure, AAA will appoint an arbitrator from the remaining name(s).

7.     Representation.

Generally, the Company will be represented by legal counsel at arbitration.  The Company cannot provide legal advice to employees, but encourages employees to consult with legal counsel regarding arbitration and/or whether he/she should be represented by legal counsel at arbitration.

8.     Privileged Communications.

The Arbitrator shall have the immunity of a judicial officer from civil liability, when acting in the capacity of an Arbitrator, which immunity supplements any other existing immunity.  Likewise, all communications during or in connection with the arbitration proceedings are privileged in accordance with state law applicable to judicial proceedings.

9.     Finality of Arbitrator's Decision.

        The Award of the Arbitrator shall be final and binding.  Judicial review of an arbitrator's decision is limited as provided by law.  The final Award may be enforced by a court as provided by law.

10.     Savings Clause; Entire Agreement.

        If any provision of this Agreement, including the AAA Rules that are incorporated by reference, is found by a court to be invalid or otherwise unenforceable, the court shall enforce the remainder of this Agreement and the Arbitration Rules.  This Agreement constitutes the full agreement of the parties and can be changed only in writing signed by the employee and an executive officer of IBERIABANK.

11.     Questions/Additional Information.

        If you have any questions or would like additional information about arbitration, please contact the Human Resources Director.

The parties acknowledge that they:
- have carefully read this Agreement,
- were provided an opportunity to examine the AAA Rules,
- have had an opportunity to consult legal counsel before signing, and
- understand that by signing this Arbitration Agreement, the parties waive their right to trial by court or jury.

Associate:                                          IBERIABANK Corp./ Human Resources:

By: LYDIA HAAS (Electronically Signed)      By: _____
            SIGNATURE                                        SIGNATURE

LYDIA HAAS                                          _____
        PRINT NAME HERE                                  PRINT NAME HERE

Date: 12/16/2014                                    Date: _____

{N1627765.2}                    Page 4 of 4

10334 [December 16, 2014 09:55:50 Eastern Standard Time]

**IBERIABANK CORPORATION**
**ARBITRATION AGREEMENT**

This Agreement, between the undersigned employee ("the employee") and IBERIABANK CORPORATION, and all of its parents, subsidiaries, and related companies, including but not limited to IBERIABANK (collectively the "Company"), is intended to provide the exclusive means of resolving all disputes, as defined below and except as expressly excluded below, that may arise between them. In consideration for their mutual promises, the parties, by entering into this Agreement, give up their right to trial by court or by jury, except as expressly excluded below. This Agreement is not an employment contract or employment agreement, but arises out of the employee's employment or prospective employment by the Company, which is involved in interstate commerce. This Agreement is to be enforced under the Federal Arbitration Act ("FAA").

1.    Disputes Subject to Arbitration.

        (a)    Disputes subject to arbitration are all disputes between the parties that may otherwise be brought before a court, governmental agency, or other tribunal, including but not limited to, application to the Company for employment, discipline during employment with the Company, anything having to do with the terms and conditions of employment, treatment by supervisors, co-workers or third-parties, denial of promotion, pay raises or job assignments, and termination of employment, regardless of whether the dispute arose before, during, or after any employment relationship between the parties. Also subject to arbitration are disputes involving any person or entity whose liability or right of recovery derives from a dispute that is covered by this Agreement (e.g., partner, agent, manager, supervisor, employee, subsidiary or parent corporation, affiliate, shareholder, successor or assign of a party).

        (b)    Such disputes include, but are not limited to, claims of refusal to hire, wrongful termination, breach of contract, defamation, assault, battery, violation of public policy, negligent hiring, negligent retention, negligent supervision, negligent entrustment, defamation, invasion of privacy, retaliation, wrongful imprisonment, intentional infliction of emotional distress, any other tort, contract, equitable, statutory, or constitutional claim, breaches of any duty owed by an employer to an employee, and claims against an employee, officer, director or agent of the Company who has agreed to arbitrate a claim that would directly or indirectly subject any party to liability. Disputes also include any claims of discrimination or harassment prohibited by applicable law, including statutory and/or common law claims of discrimination or harassment on the basis of age, race, national origin, religion, disability, sex/gender, color, or any other factor the consideration of which is prohibited by federal or state law or local ordinance. Further, disputes include claims related to payment of wages and compensation, polygraph examinations, layoffs due to facility closings, mass layoffs or reductions in hours or employees, health, retirement or pension benefits, veterans' rights, obtaining or using credit reports, drug testing, whistleblowing activity, and leaves of absence. Class actions and requests for declaratory relief are also covered by this Agreement.

**EXHIBIT 2**

(c)     Exclusions.

(i)     Any claim or action for a temporary restraining order, or any form of preliminary or permanent injunctive relief, including but not limited to claims or actions by the Company for injunctive relief and/or equitable relief for unfair competition, the unauthorized use, disclosure, or misappropriation of trade secrets or confidential information, or the breach or threatened breach of any restrictive covenant (including any non-competition, non-solicitation, or non-recruitment provision or agreement), may only be pursued in a court of competent jurisdiction. Additionally, any claim or action by the Company for unfair competition, the unauthorized use, disclosure, or misappropriation of trade secrets or confidential information, or the breach or threatened breach of any restrictive covenant (including any non-competition, non-solicitation, or non-recruitment provision or agreement), in which the Company seeks any other form of relief or recovery, including but not limited to declaratory relief, monetary damages, penalties, attorneys' fees, costs, expenses, or otherwise, may only be pursued in a court of competent jurisdiction. The claims and actions covered by this Paragraph 1(c)(i) may be tried to a court or a jury, as allowed by law, and are expressly excluded from the disputes otherwise covered by this Agreement.

(ii)     Any claim for unemployment or workers' compensation benefits that is subject to the exclusive jurisdiction of a state agency, any non-waivable statutory claims, and charges filed with the National Labor Relations Board are not covered by this Agreement. This Agreement does not cover employees covered by a collective bargaining agreement.

(iii)     Also not covered by this Agreement is any claim which is based upon an employee benefits plan that is underwritten by a commercial insurer that decides payment of claims and does not agree to arbitrate under this Agreement.

(iv)     Nothing in this Agreement shall be construed as precluding the filing of a charge with the Equal Employment Opportunity Commission or other federal or state agencies. To the extent any claims are asserted in arbitration that require exhaustion of administrative procedures, this Agreement does not relieve the employee of complying with such administrative requirements in a timely manner. The parties, however, waive any right to recovery of damages in such agency or administrative action, and the dispute underlying such charge shall be arbitrated.

2.     Initiating Arbitration.

An employee who wishes to initiate arbitration must fill out a Request for Arbitration Form, which can be obtained from the Human Resources Department. The employee must submit the completed form to Human Resources, along with a $125 arbitration fee.

3.     Time Limits.

Although the parties hereby waive their right to litigation of their disputes by a court or jury, the applicable statutes of limitations and/or prescriptive periods govern these disputes, meaning that the parties must initiate arbitration of disputes within the time prescribed by the

statutes or other laws on which they base their claims.

4.      Rules Governing Arbitration Proceedings.

The parties' arbitration shall be conducted in conformity with the procedures of the AAA, including the AAA's National Rules for the Resolution of Employment Disputes ("Rules"). These rules are posted on AAA's web site at www.adr.org or may be obtained from the Human Resources Director.

5.      Fees and Costs.

The Company agrees that if the employee submits a request for arbitration, the employee's maximum out-of-pocket expenses for the arbitrator and administrative costs of the AAA will be $125, and that the Company will pay all of the remaining fees and administrative costs of the arbitrator and AAA, which will far exceed the amount paid by the employee. The employee is responsible for any expenses and costs associated with his/her portion of the arbitration, including, but not limited to, witness fees, deposition costs, travel expenses, copying costs and transcription fees.

6.      Authority of the Arbitrator.

Resolution of disputes shall be based solely upon the law governing the claims and defenses asserted. The Arbitrator shall have the authority of a trial court judge sitting without a jury, and may award any remedy that would have been available had the parties litigated the dispute in court under applicable law. The Arbitrator may not add to, modify, invalidate, or ignore any provision of this Agreement or the law, nor may the Arbitrator invoke any basis (such as "just cause" or "seniority") other than controlling law. The Arbitrator shall be selected from a list of at least five unbiased arbitrators provided by the American Arbitration Association ("AAA"). Both the employee and the Company will be given up to ten days to strike up to two names from the list. Following completion of the strike procedure, AAA will appoint an arbitrator from the remaining name(s).

7.      Representation.

Generally, the Company will be represented by legal counsel at arbitration. The Company cannot provide legal advice to employees, but encourages employees to consult with legal counsel regarding arbitration and/or whether he/she should be represented by legal counsel at arbitration.

8.      Privileged Communications.

The Arbitrator shall have the immunity of a judicial officer from civil liability, when acting in the capacity of an Arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged in accordance with state law applicable to judicial proceedings.

9.      Finality of Arbitrator's Decision.

The Award of the Arbitrator shall be final and binding. Judicial review of an arbitrator's decision is limited as provided by law. The final Award may be enforced by a court as provided by law.

10.    Savings Clause; Entire Agreement.

If any provision of this Agreement, including the AAA Rules that are incorporated by reference, is found by a court to be invalid or otherwise unenforceable, the court shall enforce the remainder of this Agreement and the Arbitration Rules. This Agreement constitutes the full agreement of the parties and can be changed only in writing signed by the employee and an executive officer of IBERIABANK.

11.    Questions/Additional Information.

If you have any questions or would like additional information about arbitration, please contact the Human Resources Director.

The parties acknowledge that they:
- have carefully read this Agreement,
- were provided an opportunity to examine the AAA Rules,
- have had an opportunity to consult legal counsel before signing, and
- understand that by signing this Arbitration Agreement, the parties waive their right to trial by court or jury.

COMPANY

By: _____
SIGNATURE

_____
PRINT NAME HERE

Date: _____

Employee

By: _____
SIGNATURE

_____
PRINT NAME HERE

Date: 1-26-09

**IBERIABANK CORPORATION**
**ARBITRATION AGREEMENT**

This Agreement, between the undersigned employee ("the employee") and IBERIABANK CORPORATION, and all of its parents, subsidiaries, and related companies, including but not limited to IBERIABANK (collectively the "Company"), is intended to provide the exclusive means of resolving all disputes, as defined below and except as expressly excluded below, that may arise between them.  In consideration for their mutual promises, the parties, by entering into this Agreement, give up their right to trial by court or by jury, except as expressly excluded below.  This Agreement is not an employment contract or employment agreement, but arises out of the employee's employment or prospective employment by the Company, which is involved in interstate commerce.  This Agreement is to be enforced under the Federal Arbitration Act ("FAA").

1.    Disputes Subject to Arbitration.

(a)    Disputes subject to arbitration are all disputes between the parties that may otherwise be brought before a court, governmental agency, or other tribunal, including but not limited to, application to the Company for employment, discipline during employment with the Company, anything having to do with the terms and conditions of employment, treatment by supervisors, co-workers or third-parties, denial of promotion, pay raises or job assignments, and termination of employment, regardless of whether the dispute arose before, during, or after any employment relationship between the parties.  Also subject to arbitration are disputes involving any person or entity whose liability or right of recovery derives from a dispute that is covered by this Agreement (e.g., partner, agent, manager, supervisor, employee, subsidiary or parent corporation, affiliate, shareholder, successor or assign of a party).

(b)    Such disputes include, but are not limited to, claims of refusal to hire, wrongful termination, breach of contract, defamation, assault, battery, violation of public policy, negligent hiring, negligent retention, negligent supervision, negligent entrustment, defamation, invasion of privacy, retaliation, wrongful imprisonment, intentional infliction of emotional distress, any other tort, contract, equitable, statutory, or constitutional claim, breaches of any duty owed by an employer to an employee, and claims against an employee, officer, director or agent of the Company who has agreed to arbitrate a claim that would directly or indirectly subject any party to liability.  Disputes also include any claims of discrimination or harassment prohibited by applicable law, including statutory and/or common law claims of discrimination or harassment on the basis of age, race, national origin, religion, disability, sex/gender, color, or any other factor the consideration of which is prohibited by federal or state law or local ordinance.  Further, disputes include claims related to payment of wages and compensation, polygraph examinations, layoffs due to facility closings, mass layoffs or reductions in hours or employees, health, retirement or pension benefits, veterans' rights, obtaining or using credit reports, drug testing, whistleblowing activity, and leaves of absence.  Class actions and requests for declaratory relief are also covered by this Agreement.

{N1627765.2}                        Page 1 of 4

**EXHIBIT 3**

(c)    Exclusions.

(i)    Any claim or action for a temporary restraining order, or any form of preliminary or permanent injunctive relief, including but not limited to claims or actions by the Company for injunctive relief and/or equitable relief for unfair competition, the unauthorized use, disclosure, or misappropriation of trade secrets or confidential information, or the breach or threatened breach of any restrictive covenant (including any non-competition, non-solicitation, or non-recruitment provision or agreement), may only be pursued in a court of competent jurisdiction. Additionally, any claim or action by the Company for unfair competition, the unauthorized use, disclosure, or misappropriation of trade secrets or confidential information, or the breach or threatened breach of any restrictive covenant (including any non-competition, non-solicitation, or non-recruitment provision or agreement), in which the Company seeks any other form of relief or recovery, including but not limited to declaratory relief, monetary damages, penalties, attorneys' fees, costs, expenses, or otherwise, may only be pursued in a court of competent jurisdiction. The claims and actions covered by this Paragraph 1(c)(i) may be tried to a court or a jury, as allowed by law, and are expressly excluded from the disputes otherwise covered by this Agreement.

(ii)    Any claim for unemployment or workers' compensation benefits that is subject to the exclusive jurisdiction of a state agency, any non-waivable statutory claims, and charges filed with the National Labor Relations Board are not covered by this Agreement.  This Agreement does not cover employees covered by a collective bargaining agreement.

(iii)    Also not covered by this Agreement is any claim which is based upon an employee benefits plan that is underwritten by a commercial insurer that decides payment of claims and does not agree to arbitrate under this Agreement.

(iv)    Nothing in this Agreement shall be construed as precluding the filing of a charge with the Equal Employment Opportunity Commission or other federal or state agencies.  To the extent any claims are asserted in arbitration that require exhaustion of administrative procedures, this Agreement does not relieve the employee of complying with such administrative requirements in a timely manner.  The parties, however, waive any right to recovery of damages in such agency or administrative action, and the dispute underlying such charge shall be arbitrated.

2.    Initiating Arbitration.

An employee who wishes to initiate arbitration must fill out a Request for Arbitration Form, which can be obtained from the Human Resources Department.  The employee must submit the completed form to Human Resources, along with a $125 arbitration fee.

3.    Time Limits.

Although the parties hereby waive their right to litigation of their disputes by a court or jury, the applicable statutes of limitations and/or prescriptive periods govern

these disputes, meaning that the parties must initiate arbitration of disputes within the time prescribed by the statutes or other laws on which they base their claims.

<u>4.</u>      <u>Rules Governing Arbitration Proceedings.</u>

The parties' arbitration shall be conducted in conformity with the procedures of the AAA, including the AAA's National Rules for the Resolution of Employment Disputes ("Rules"). These rules are posted on AAA's web site at www.adr.org or may be obtained from the Human Resources Director.

<u>5.</u>      <u>Fees and Costs.</u>

The Company agrees that if the employee submits a request for arbitration, the employee's maximum out-of-pocket expenses for the arbitrator and administrative costs of the AAA will be $125, and that the Company will pay all of the remaining fees and administrative costs of the arbitrator and AAA, which will far exceed the amount paid by the employee. The employee is responsible for any expenses and costs associated with his/her portion of the arbitration, including, but not limited to, witness fees, deposition costs, travel expenses, copying costs and transcription fees.

<u>6.</u>      <u>Authority of the Arbitrator.</u>

Resolution of disputes shall be based solely upon the law governing the claims and defenses asserted. The Arbitrator shall have the authority of a trial court judge sitting without a jury, and may award any remedy that would have been available had the parties litigated the dispute in court under applicable law. The Arbitrator may not add to, modify, invalidate, or ignore any provision of this Agreement or the law, nor may the Arbitrator invoke any basis (such as "just cause" or "seniority") other than controlling law. The Arbitrator shall be selected from a list of at least five unbiased arbitrators provided by the American Arbitration Association ("AAA"). Both the employee and the Company will be given up to ten days to strike up to two names from the list. Following completion of the strike procedure, AAA will appoint an arbitrator from the remaining name(s).

<u>7.</u>      <u>Representation.</u>

Generally, the Company will be represented by legal counsel at arbitration. The Company cannot provide legal advice to employees, but encourages employees to consult with legal counsel regarding arbitration and/or whether he/she should be represented by legal counsel at arbitration.

<u>8.</u>      <u>Privileged Communications.</u>

The Arbitrator shall have the immunity of a judicial officer from civil liability, when acting in the capacity of an Arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged in accordance with state law applicable to judicial proceedings.

{N1627765.2}                                Page 3 of 4

9.      Finality of Arbitrator's Decision.

The Award of the Arbitrator shall be final and binding.   Judicial review of an arbitrator's decision is limited as provided by law.   The final Award may be enforced by a court as provided by law.

10.     Savings Clause; Entire Agreement.

If any provision of this Agreement, including the AAA Rules that are incorporated by reference, is found by a court to be invalid or otherwise unenforceable, the court shall enforce the remainder of this Agreement and the Arbitration Rules.   This Agreement constitutes the full agreement of the parties and can be changed only in writing signed by the employee and an executive officer of IBERIABANK.

11.  Questions/Additional Information.

If you have any questions or would like additional information about arbitration, please contact the Human Resources Director.

The parties acknowledge that they:
- ♦      have carefully read this Agreement,
- ♦      were provided an opportunity to examine the AAA Rules,
- ♦      have had an opportunity to consult legal counsel before signing, and
- ♦      understand that by signing this Arbitration Agreement, the parties waive their right to trial by court or jury.

Associate:                                                  IBERIABANK Corp./ Human Resources:

By: Jo Ellyn Russell (Electronically Signed)      By:_____ HB _____
                SIGNATURE                                                    SIGNATURE

Jo Ellyn Russell                                                        HB
        PRINT NAME HERE                                      PRINT NAME HERE

Date: 12/17/2012                                        Date:_____ 12/18/12 _____

{N1627765.2}                              Page 4 of 4

05968 [December 17, 2012 18:30:54 Eastern Standard Time]